Filed 4/16/13  P. v. Reed CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E055747 |
| v. | (Super.Ct.No. RIF144147) |
| MALEKO SIDNEY PILA KAOMEA REED, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Richard John Hanscom, Judge.  (Retired judge of the San Diego Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed with directions.

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Vincent P. LaPietra, Deputy Attorney General, for Plaintiff and Respondent.

This opinion constitutes this court's second time addressing this matter. (See *People v. Reed* (Sept. 12, 2011, E050586) [nonpub. opn.].) In our prior opinion, we reversed defendant's sentence on all counts and directed the trial court to resentence defendant. (*Id.* at p. 7.) At the resentencing hearing, the trial court imposed a sexual offender registration fine in the amount of $1,800. (Pen. Code, § 290.3, subd. (a).)[1] Defendant raises two issues on appeal.

First, defendant contends the trial court erred because the fine should have been $1,100. Second, defendant asserts the abstracts of judgment must be amended to reflect his correct sentence. The People support defendant's contentions. We affirm with directions.

## PROCEDURAL HISTORY

A jury found defendant guilty of (1) kidnapping to commit rape (§ 209, subd. (b)); (2) two counts of rape by means of force, violence, duress, menace, or fear (§ 261, subd. (a)(2)); (3) sodomy by means of force or fear while acting in concert with another person (§ 286, subd. (d)); and (4) oral copulation by means of force or fear while acting in concert with another person (§ 288a, subd. (d)). The jury also found various enhancements to be true.

---

[1] All subsequent statutory references will be to the Penal Code unless otherwise indicated.

2

Defendant's crimes were committed on or about December 24, 1999. Defendant's trial took place in December 2009. Defendant's first sentencing hearing was conducted in March 2010. At that hearing, the trial court imposed a sexual offender registration fine of $1,800. (§ 290.3.) In defendant's first appeal, this court reversed defendant's sentence on all counts and directed the trial court to resentence defendant. (*People v. Reed*, *supra*.)

At the resentencing hearing, the trial court deemed the kidnapping count (Count 1) to be the principle term and imposed an indeterminate term of life with the possibility of parole. For Count 2, the court imposed a consecutive indeterminate term of 25 years to life. For Counts 3, 4, and 5, the court imposed concurrent nine-year terms. In regard to fines, the court ordered all previously imposed fines to be imposed again, thus ordering the $1,800 sexual offender registration fine.

## DISCUSSION

A.    <u>SEXUAL OFFENDER REGISTRATION FINE</u>

Defendant contends the trial court erred by ordering him to pay a sexual offender registration fine in the amount of $1,800 because the fine should have been $1,100. (§ 290.3.) We agree the trial court erred, but disagree with the $1,100 amount.

Defendant's contention raises a question of law, in that he is asserting the amount of his fine is illegal. We review questions of law de novo. (*People v. Ravaux* (2006) 142 Cal.App.4th 914, 919.) The sexual offender registration fine should be imposed in the amount applicable at the time the defendant committed the relevant offenses. (*People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1248.) In 1999, section 290.3,

3

subdivision (a), imposed "a fine of two hundred dollars ($200) upon the first conviction or a fine of three hundred dollars ($300) upon the second and each subsequent conviction." The word "or" in section 290.3 has been interpreted to be conjunctive, i.e. it means "and." Thus, the word "or" in section 290.3 does not mean the fines are alternatives; rather, they should all be applied. (*People v. Walz* (2008) 160 Cal.App.4th 1364, 1370, fn. 7.)

In 1999, a fine could be imposed for any conviction of an offense specified in section 290, subdivision (a). (§ 290.3, subd. (a).) All five of defendant's convictions are listed in the 1999 version of section 290, subdivision (a)(2)(A). Thus, defendant's fine should have been calculated as follows: $200 (Count 1) + $300 (Count 2) + $300 (Count 3) + $300 (Count 4) + $300 (Count 5), which equals a fine of $1,400. Accordingly, we will direct the trial court to amend defendant's fine to reflect the total amount of $1,400.

Defendant and the People contend defendant's fine should be $1,100. Defendant and the People arrive at this sum as follows: $200 (Count 2) + $300 (Count 3) + $300 (Count 4) + $300 (Count 5), which equals $1,100. Defendant and the People are applying the $200 Count 1 amount to Count 2, and not charging any fine for Count 1. Count 1 is the kidnapping conviction, which is included in the 1999 version of section 290, subdivision (a)(2)(A), which means it qualifies for the sexual offender registration fine. It is unclear why defendant and the People have skipped over the fine for the kidnapping conviction.

It is also unclear how the trial court arrived at the amount of $1,800. In 2010, section 290.3, subdivision (a), required "a fine of three hundred ($300) upon the first conviction or a fine of five hundred dollars ($500) upon the second and each subsequent conviction." Thus, defendant's fine under the 2010 version of the law would have been $2,300: $500 x 4 + $300. Perhaps the trial court applied the 2010 version of the statute, but skipped one of the $500 fines. Regardless, we cannot determine from the record how exactly the trial court arrived at the sum of $1,800, and therefore, cannot explain whether the trial court made an error of law or calculation, but can only conclude the amount of $1,800 was incorrect.

B. ABSTRACT OF JUDGMENT

Defendant asserts his abstract of judgment must be corrected for Counts 3, 4, and 5. The People support defendant's argument. We agree.

Defendant's determinate abstract of judgment lists only the prison terms for defendant's enhancements. Defendant's indeterminate abstract of judgment reflects defendant was sentenced to concurrent terms of 25 years to life for Counts 3, 4, and 5. For Counts 3, 4, and 5, the trial court imposed concurrent nine-year terms. Thus, the abstract of judgment is erroneous and must be corrected.

**DISPOSITION**

The judgment is affirmed. The trial court is directed to (1) correct defendant's sexual offender registration fine (§ 290.3) so that it totals $1,400; (2) amend the abstracts of judgment to reflect that defendant was sentenced to nine-year concurrent terms for Counts 3, 4, and 5; and (3) prepare an amended abstract of judgment and to

forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>MILLER</u>
                                                                                    J.

We concur:

<u>RAMIREZ</u>
                        P. J.

<u>McKINSTER</u>
                    J.

6